**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GLORIA WILLIAMS et al.,

    Plaintiffs,

v.                                                   Case No. 05-CV-73702-DT

JUDGE MARY BETH KELLY et al.,

    Defendants.
                                                 /

**ORDER DENYING PLAINTIFFS' MOTION FOR THREE JUDGE DISTRICT COURT**

Pending before the court is a "Motion for Three Judge District Court," filed by Plaintiffs on September 28, 2005.  The court has reviewed the motion and determines that a hearing is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the motion will be denied.

Plaintiffs rely on two statutes to argue that a three judge district court should be impaneled to hear this case.[1]  First, Plaintiffs rely on 42 U.S.C. § 1971(g), which provides, in pertinent part:

> In any proceeding instituted by the United States in any district court of the United States under this section in which the Attorney General requests a finding of a pattern or practice of discrimination pursuant to subsection (e) of this section the Attorney General, at the time he files the complaint, or any defendant in the proceeding, within twenty days after service upon him of the complaint, may file with the clerk of such court a request that a court of three judges be convened to hear and determine the entire case.

---

[1] The court notes that Plaintiffs' brief contains citations to numerous statutes and cases, without any analysis as to why such statutes are relevant to the issue before the court (i.e., whether Plaintiffs are entitled to a three judge panel).  Despite Plaintiffs' recitation of general voting rights law, the only two statutes which are directly relevant to the court's inquiry are 42 U.S.C. § 1971 and 28 U.S.C. § 2284.

42 U.S.C. § 1971(g). By the express terms of this statute, a three judge panel may only be requested by the Attorney General or a defendant in cases filed under 42 U.S.C. § 1971(e). The Attorney General is not a party to this action, and thus § 1971(g) is not applicable and cannot form the basis for a request for a three judge panel. *See also Pincham v. Illinois Judicial Inquiry Bd.,* 681 F.Supp. 1309, 1314 (N.D.Ill. 1988) ("Indeed, the sole three-judge provision in § 1971 can be invoked only in actions instituted by the United States and only when the Attorney General requests the court to find that a deprivation of rights has occurred pursuant to a pattern or practice.").

Next, Plaintiffs rely on 28 U.S.C. § 2284, which provides that "[a] district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). This is not an action challenging the constitutionality of the apportionment of congressional districts or legislative bodies, and no other Act of Congress has been proffered as a basis for Plaintiffs' request. Accordingly, the court finds that 28 U.S.C. § 2284(a) is not applicable to this action.

Inasmuch as no further basis for a three judge panel has been provided by Plaintiffs, their motion will be denied.

IT IS ORDERED that Plaintiffs' "Motion for Three Judge District Court" [Dkt. # 2] is DENIED.

                                                S/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated: October 20, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 20, 2005, by electronic and/or ordinary mail.

           S/Lisa Wagner
           Case Manager and Deputy Clerk
           (313) 234-5522