**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GLORIA WILLIAMS et al.,

    Plaintiffs,

v.                                                        Case No. 05-CV-73702-DT

JUDGE MARY BETH KELLY et al.,

    Defendants.
                                                       /

**ORDER DENYING IN PART PLAINTIFFS' "MOTION FOR ISSUANCE OF TEMPORARY RESTRAINING ORDER . . ."**

Pending before the court is Plaintiffs' October 14, 2005 "Motion for Issuance of Temporary Restraining Order, Preliminary Injunction, Declaratory Judgement [sic] and Permanent Injunction and Issuance of Show Cause." The court has reviewed the motion and finds that the requirements for issuing an temporary restraining order under Federal Rule of Civil Procedure 65(b) are not met in this case.

Plaintiff's motion and complaint fail to establish that "immediate and irreparable injury, loss, or damage will result . . . before the adverse party or that party's attorney can be heard in opposition." Fed. R. Civ. P. 65(b)(1). Moreover, a review of Plaintiffs' complaint and motion reveal a significantly small likelihood of success on the merits, which far outweighs any other factor to be considered when determining whether to grant injunctive relief.  *See In re DeLorean,* 755 F.2d 1223, 1229 (6th Cir. 1985) ("[T]he

four considerations applicable to preliminary injunction decisions are factors to be balanced, not prerequisites that must be met.).[1]

The Sixth Circuit has long recognized that "[t]he object and purpose of a preliminary injunction [or temporary restraining order] is to preserve the existing state of things until the rights of the parties can be fairly and fully investigated." *In re DeLorean*, 755 F.2d at 1229 (quoting *Blount v. Societe Anonyme du Filtre Chamberland Systeme Pasteur, et al.,* 53 F. 98, 101 (6th Cir. 1892)).  Plaintiffs', however, seek to upset the status quo by requesting that the court set aside a state court order, or otherwise enjoin its enforcement.  Accordingly, the court finds that the best way to preserve the status quo is to deny Plaintiffs' motion for a temporary restraining order.

Finally, and perhaps most importantly, the court is inclined to believe that it lacks subject matter jurisdiction over this action, and will therefore order the Plaintiffs to show cause why this action should not be dismissed.  Until Plaintiffs have persuaded the court of the existence of subject matter jurisdiction, the court will not issue any form of the requested relief.

---

[1] The court must consider four factors in determining whether to grant a temporary restraining order:

  (1) likelihood of success on the merits;
  (2) potential for irreparable harm;
  (3) potential of adverse public impact; and
  (4) potential harm to the plaintiff weighed against the potential harm to the defendant.

*Taubman Co. v. Webfeats,* 319 F.3d 770, 774 (6th Cir. 2003).  The court also notes that the third and fourth factors weigh in favor of denying the motion for a temporary restraining order.  This case appears to be, in essence, an attempt to appeal a state court order to a federal court, which implicates serious federalism concerns.

IT IS ORDERED that Plaintiffs' "Motion for Issuance of Temporary Restraining Order . . ." [Dkt. # 6] is DENIED IN PART. It is denied to the extent it seeks immediate relief in the form of a temporary restraining order. The court will address the remaining portion of Plaintiffs' motion after it resolves its jurisdictional concerns.

      S/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: October 20, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 20, 2005, by electronic and/or ordinary mail.

      S/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522