UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA WILLIAMS et al.,

       Plaintiffs,

v.                                                                                          Case No. 05-CV-73702-DT

JUDGE MARY BETH KELLY et al.,

       Defendants.
                                                      /

**ORDER GRANTING "MOTION OF MAUREEN D. TAYLOR TO INTERVENE"**

Pending before the court is a "Motion of Maureen D. Taylor to Intervene," filed on September 29, 2005. No response has been filed by Plaintiffs, despite the fact that a response was due, at the latest, by October 17, 2005. *See* E.D. Mich. LR 7.1(d)(2). Defendants have indicated that they do not oppose the motion. (*See* Defs.' Mot. to Dismiss at 6, n.6.) Having reviewed the motion, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(2). For the reasons stated below, the court will grant the motion.

**I.  BACKGROUND**

On September 28, 2005, Plaintiffs filed the instant action against Defendants Judge Mary Beth Kelly, the Wayne County Circuit Court, and Michigan Secretary of State Terri Lynn Land. Plaintiffs' complaint has two counts: "Violations of Equal Protection and Voting Rights" (Count I) and "First Amendment Violations" (Count II). The gravamen of Plaintiffs' claims, however, relate to an order issued by Defendant Judge Kelly on September 1, 2005, which restrained Plaintiffs Jackie Currie and Detroit Election Commission from mailing out unsolicited absentee ballot applications in an

underlying state court matter. Specifically, Plaintiffs seek various forms of injunctions and declaratory relief by asking the court to reverse or enjoin the operation of Judge Kelly's order and assume control over the state court matter. (*See* Compl. at 13-14, 16.)

Before the court is a motion to intervene filed by Maureen Taylor, the plaintiff in the underlying state court matter. Ms. Taylor argues that intervention is appropriate because the relief Plaintiffs' seek in this action will have an effect on her claims in the state court action.

## II.  STANDARD

Motions to intervene are governed by Federal Rule of Civil Procedure 24, which provides that:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
>
> (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement, or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action.  In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Fed. R. Civ. P. 24.

## III. DISCUSSION

There are two types of intervention allowed under Rule 24, intervention of right under Rule 24(a) and permissive intervention under Rule 24(b). Here, Maureen Taylor seeks intervention under both subparts of Rule 24.

### A. Intervention of Right

In order to establish intervention of right, a movant must satisfy four elements:

(1)   timeliness of the application to intervene;

(2)   the applicant's substantial legal interest in the case;

(3)   impairment of the applicant's ability to protect that interest in the absence of intervention, and

(4)   inadequate representation of that interest by parties already before the court.

*Michigan State AFL-CIO v. Miller,* 103 F.3d 1240, 1245 (6th Cir. 1997) (citing *Cuyahoga Valley Ry. Co. v. Tracy,* 6 F.3d 389, 395 (6th Cir.1993)).

Here, the first element of the test is easily met, inasmuch as Maureen Taylor sought intervention the day after the complaint was filed. Further, the court finds that the second element is also satisfied. Ms. Taylor has a direct and substantial interest in the outcome of this litigation. Plaintiffs' primary relief sought is the reversal or vacation of the preliminary injunction which was entered in the underlying state case of which Ms. Taylor is the sole plaintiff. The injunction was entered as a result of Ms. Taylor's motion, and she thus has an obvious interest in opposing its reversal. The Sixth Circuit has held that the second element of Rule 24(a) should be broadly construed, stating that:

> This circuit has opted for a rather expansive notion of the interest sufficient to invoke intervention of right. *See Purnell v. City of Akron,* 925 F.2d 941,

> 948 (6th Cir. 1991); *Bradley v. Milliken,* 828 F.2d 1186, 1192 (6th Cir.1987) ("[T]his court has acknowledged that 'interest' is to be construed liberally."). We have, for example, noted that an intervenor need not have the same standing necessary to initiate a lawsuit, *Purnell,* 925 F.2d at 948, and cited with approval decisions of other courts "reject[ing] the notion that Rule 24(a)(2) requires a specific legal or equitable interest." *Id.; cf. Associated Builders & Contractors v. Perry,* 16 F.3d 688 (6th Cir.1994) (noting that intervenor need not have standing before district court but distinguishing standing required for appeal).

*Michigan State AFL-CIO*, 103 F.3d at 1245. Consistent with the Sixth Circuit's interpretation of Rule 24(a), the court finds that Ms. Taylor has a "substantial interest" in the outcome of this litigation.

The court also finds that the third element is met. To establish the third element, Ms. Taylor must show that "an unfavorable disposition of the action may impair [her] ability to protect [her] interest in the litigation." *Purnell v. City of Akron,* 925 F.2d at 948. The Sixth Circuit has held that a movant need not show "that impairment will inevitably ensue from an unfavorable disposition; the would-be intervenors need only show that the disposition '*may* ... impair or impede [their] ability to protect [their] interest.'" *Id.* (citing Fed. R. Civ .P. 24(a)(2) (emphasis in original)). Further, the Sixth Circuit "has already acknowledged that potential stare decisis effects can be a sufficient basis for finding an impairment of interest." *Michigan State AFL-CIO*,103 F.3d at 1247 (citing *Linton v. Commissioner of Health & Env't,* 973 F.2d 1311, 1319 (6th Cir.1992)). The court finds that, absent intervention, the potential stare decisis effect of the court's opinion in this case could impair Ms. Taylor's ability to protect her interest in the continued validity of state court order.

Finally, the fourth element is also met because Ms. Taylor has sufficiently shown the possibility of inadequate representation. The court notes that "[o]ne is not required

4

to show that the representation will in fact be inadequate.  For example, it may be enough to show that the existing party who purports to seek the same outcome will not make all of the prospective intervenor's arguments." *Michigan State AFL-CIO,* 103 F.3d at 1247 (citing *Forest Conservation Council v. United States Forest Serv.,* 66 F.3d 1489, 1498-99 (9th Cir.1995)).  Here, Ms. Taylor's interest, as a litigant in the underlying state court case, is not exactly the same as Judge Kelly's, the Wayne County Circuit Court's, or Ms. Land's.  Indeed, under Plaintiffs' theory of the case, Defendant Land has an interest in *reversing* the state court injunction.  Accordingly, the court finds that Ms. Taylor has demonstrated the existence of all four elements necessary for intervention of right and will be allowed to intervene in this action for the purpose of opposing Plaintiffs' request for relief.

### B.  Permissive Intervention

Even if the court were to find that Ms. Taylor was not entitled to intervention of right, the court would nonetheless grant her motion because permissive intervention is appropriate.

> To intervene permissively, a proposed intervenor must establish that the motion for intervention is timely and alleges at least one common question of law or fact.  Once these two requirements are established, the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed.

*United States v. Michigan,* 424 F.3d 438, 445 (6th Cir. 2005) (internal citation omitted); *see also* Fed. R. Civ. P. 24(b) (stating application to intervene must be timely and "an applicant's claim or defense and the main action have a question of law or fact in common.").

5

As stated above, Ms. Taylor's motion, filed one day after the institution of this lawsuit, is timely.  Further, the underlying state court action and this federal case share common, if not identical, issues of fact and law.  Finally, the court finds that Ms. Taylor's intervention will not unduly delay or prejudice the adjudication of any party's rights.  *See* Fed. R. Civ. P. 24(b) ("In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.").  Thus, even if the court were to deny Ms. Taylor's motion for intervention of right, the court would exercise its discretion to grant Ms. Taylor's motion for permissive intervention.

### IV.  CONCLUSION

For the reasons stated above, and because no party has filed an opposition brief, IT IS ORDERED that the "Motion of Maureen D. Taylor to Intervene" [Dkt. # 3] is GRANTED.

   S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  October 28, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 28, 2005, by electronic and/or ordinary mail.

   S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\05-73702.WILLIAMS.MotionIntervene.wpd