UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GLORIA WILLIAMS et al.,

    Plaintiffs,

v.                                                 Case No. 05-CV-73702-DT

JUDGE MARY BETH KELLY et al.,

    Defendants.
                                     /

**ORDER DENYING "APPLICATION FOR ATTORNEY'S FEES AND COSTS"**

Pending before the court is an "Application for Attorneys' Fees and Costs Pursuant to Rule 11, 28 U.S.C. § 1927 and 42 U.S.C. § 1988" filed by Intervenor Maureen D. Taylor on November 18, 2005.  The court has reviewed the motion and determines that a hearing is unnecessary.  *See* E.D. Mich. LR 7.1(e)(2).  For the reasons stated below, the motion will be denied.

**I. BACKGROUND**

The facts of this case have been set forth in previous orders but, will be restated briefly in this order.  Plaintiffs initiated this action against a state court judge, the state court system in which she acts and Michigan's Secretary of State.  Plaintiffs challenged the injunctive ruling of the defendant judge and alleged that Defendants' actions discriminated against African-American voters in violation of the United States Constitution and various civil rights statutes.  The court dismissed the case without prejudice on November 2, 2005, in light of the earlier filed and ongoing parallel state court proceedings under the federal abstention doctrine that derives from the United States Supreme Court's decision in *Colorado River Water Conservation Dist. v. United*

*States*, 424 U.S. 800 (1976). While the November 2, 2005 order allowed Plaintiffs the option of reinstating the case at the conclusion of the state court proceedings, the order also contained strong cautionary language should Plaintiffs decide to reinstate the case. The court stated that:

> [I]f Plaintiffs move to reinstate this case, the court will examine the allegations closely to determine whether the obligations of Federal Rule of Civil Procedure 11 have been met. While the court's conclusion that the *Colorado River* doctrine applies to this case moots Defendants' motion to dismiss, Plaintiffs should be on notice that the court is inclined to find that, at a minimum, Wayne County Circuit Court, a division of the State of Michigan's one court of justice, is entitled to 11th Amendment immunity, and that Judge Kelly is entitled to absolute immunity. [Internal citation omitted]. The court is also inclined to believe that the allegations, as presented, fail to state a claim upon which relief can be granted. Plaintiffs' chief complaint is that Judge Kelly's injunction applies only to the City of Detroit. As this court has already held in a companion case, this fact is not remarkable in that it is only Detroit officials who are the litigants in the case pending before Judge Kelly. (*See* 05-73418, 9/14/05 Order.) For this reason, Plaintiffs must be prepared to support their position with relevant law should they choose to reinstate substantially the same case after the state court proceedings are concluded.

(11/02/05 Order at 15-16.) The order also included the following footnote:

> In the court's view, it has required substantial restraint to avoid ordering Plaintiffs and Plaintiffs' counsel to show cause why they should not be sanctioned in filing this case. It appears to the court that Plaintiffs' counsel has engaged in tactics that are, at the least, questionable in the initiation of this federal lawsuit. As discussed above, the timing of the federal action suggests that this federal court is being used as a way to avoid proper orders of a state court or at least the state court judge's continued presence in the proceedings. The fact that this court's prior case was not listed as a related case on the civil cover sheet, while the state court case was listed, suggests to the court further attempts at judge shopping. (*See* 10/20/2005 "Order to Show Cause" at 1 n.1.) Finally, there is an allegation, supported by evidence, that Plaintiff's counsel, or others acting in concert with him, have acted dishonestly in the solicitation of plaintiffs for this lawsuit. (*See* 10/28/2005 "Motion for Order to Show Cause".) The court has the authority to engage in further investigation relating to all of these circumstances.

(*Id.* at 15-16, n.8.)  Thus, although the court dismissed this action before reaching a decision on the merits, there can be no debate that the court recognized the inherent and substantial flaws in Plaintiffs' complaint and the "questionable" nature of their litigation tactics.

## II.  STANDARD

### A.  Federal Rule of Civil Procedure 11

Federal Rule of Civil Procedure 11(b) provides:

(b) Representations to Court.  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,--

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery; and

(4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on a lack of information or belief.

*Id.*  If subdivision (b) is violated , the court may "impose an appropriate sanction upon the attorneys, law firms, or parties" that are responsible for the violation.  Fed. R. Civ. P. 11(c).

Thus, the court has discretion to award sanctions under Rule 11 when an attorney submits a motion or pleading that is presented for an improper purpose (e.g.,

harassment, delay, increased costs), sets forth legal arguments that are not reasonably warranted under existing law, or contains factual allegations that have no evidentiary support. Fed. R. Civ. P. 11(b). Rule 11 sanctions are appropriate when the district court determines that an attorney's conduct is not "reasonable under the circumstances." *Mann v. G & G Mfg., Inc.,* 900 F.2d 953, 958 (6th Cir. 1990). A good faith belief in the merits of a case is insufficient to avoid sanctions. *Id.*

### B.  28 U.S.C. § 1927

Reasonable costs and attorney fees are available under 28 U.S.C. § 1927 when an attorney or party "so multiplies the proceedings in [a] case unreasonably and vexatiously." 28 U.S.C. § 1927. The Sixth Circuit has construed "unreasonably and vexatiously" to include conduct where "an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of non-frivolous claims." *Jones v. Cont'l Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986).

### C.  42 U.S.C. § 1988

Under 42 U.S.C. § 1988(b), "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." 42 U.S.C. § 1988 (b). In *Texas State Teachers Ass'n v. Garland Independent Sch. Dist.*, 489 U.S. 782 (1989), the Court reasoned that in order to qualify as a prevailing party within the meaning of 42 U.S.C. § 1988, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant." *Id.* at 792.

## III.  DISCUSSION

Intervenor asks for attorneys fees and costs under Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927 and 42 U.S.C. § 1988, based primarily on the actions of Plaintiffs noted in the court's November 2, 2005 order.  Specifically, Intervenor contends sanctions are warranted because (1) Plaintiffs appeared to assert this action as an attempt to avoid or delay the underlying state court action; (2) Plaintiffs asserted arguments previously rejected by this court in a companion case, *Taylor v. Currie*, No. 05-73418; (3) Plaintiffs engaged in actions which appeared to this court an attempt at forum shopping; and (4) Plaintiffs' counsel allegedly procured the fraudulent joinder of some of the Plaintiffs in this case.  (Intervenor's Mot. Br. at 1-2.)

While the court does not condone the actions of Plaintiffs and Plaintiffs' counsel, the court will not award attorneys fees at this point for primary reason that this case was dismissed without prejudice, prior to any substantive ruling on the merits of the case.  In light of the dismissal without prejudice, attorneys fees are not warranted under 42 U.S.C. § 1988 because there was no "prevailing party" as defined by the Supreme Court.  *See Texas State Teachers Ass'n*, 489 U.S. 792 (holding that in order to qualify as a prevailing party within the meaning of 42 U.S.C. § 1988, "the plaintiff must be able to point to a resolution of the dispute which changes the legal relationship between itself and the defendant.").

Moreover, the court will not award attorneys fees under Rule 11 or § 1927. Because the court has held that Plaintiffs may reinstate the case, the court will not now make any findings with respect to the legitimacy of their claims and actions.  Although the court is more than slightly inclined to believe some, if not all, of Plaintiffs' claims are

simply not cognizable, the court has specifically delayed resolution of these issues until the state court proceedings have finalized.  Indeed, the court has already warned Plaintiffs that should they decide to reinstate the case, the court will review their allegations to ensure they conform with the requirements of Rule 11.[1]  In the event the case is reinstated, the court may revisit the issue of attorneys fees at that time, if necessary.  At this point, however, the court is disinclined to abstain from determining the merits on the one hand while simultaneously awarding attorney fees against Plaintiffs on the other.

## IV.  CONCLUSION

IT IS ORDERED that Intervenor Maureen Taylor's "Application for Attorneys' Fees and Costs Pursuant to Rule 11, 28 U.S.C. § 1927 and 42 U.S.C. § 1988" [Docketed as "Petition," Dkt. # 22] is DENIED.

 S/Robert H. Cleland  
ROBERT H. CLELAND  
UNITED STATES DISTRICT JUDGE

Dated:  February 13, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 13, 2006, by electronic and/or ordinary mail.

 S/Lisa Wagner  
Case Manager and Deputy Clerk  
(313) 234-5522

---

[1]This review will also likely include a preliminary inquiry into the propriety of including all the named individuals as Plaintiffs in this action.

February 13, 2006:S:\Cleland\JUDGE'S DESK\Even Orders\05-73702.WILLIAMS.AttorneyFees.wpd